UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC WENDELL HOLLOMAN,

      Plaintiff,

v.                            CASE NO. 3:14-cv-864-J-32JBT

JACKSONVILLE TRANSPORTATION
AUTHORITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, construed

as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2), and his Amended

Complaint (Doc. 5).  For the reasons set forth herein, the undersigned respectfully

recommends that the Motion be **DENIED** and the case be **DISMISSED without**

**prejudice**.

### I.    Background

On August 12, 2014, the Court entered an Order (Doc. 4) taking the Motion

under advisement and requiring Plaintiff to file a completed "Application to Proceed

in District Court Without Prepaying Fees or Costs (Long Form Application)" on or

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

before September 2, 2014. (*Id.* at 5.) To date, Plaintiff has not filed the required Long Form. The Order further required Plaintiff to file a proper complaint curing various deficiencies specified in the Order. (*Id.*) Although Plaintiff has filed an Amended Complaint, it remains deficient in a number of ways.

## II.   Standard

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show that he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Even if a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)). To avoid a dismissal, the

2

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,  556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.*  Although it is well-established that the pleadings of pro se litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite a complaint to find a claim.  *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   Analysis

Plaintiff's Amended Complaint does not meet these requirements and is otherwise deficient.  First, the Amended Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required.  *See* Fed. R. Civ. P. 8(a)(1).  Moreover, the Amended Complaint does not reflect that this Court has either federal question or diversity jurisdiction in this case.  Because Plaintiff alleges that he and Defendant are both residents of Florida (Doc. 5 at 1), it appears that this Court lacks diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  Moreover, although the Amended Complaint vaguely references discrimination based on disability (*id.* at 3), it appears that Plaintiff is actually seeking some form of redress for personal injuries allegedly suffered while he was a passenger on a bus operated by Defendant (*id.* at 2–6).  Therefore, it appears that this Court lacks federal

3

question jurisdiction as well.  *See* 28 U.S.C.  § 1331.  Either way, Plaintiff has not adequately pleaded jurisdiction.

Additionally, it remains unclear exactly what causes of action, if any, Plaintiff attempts to bring and what specific relief Plaintiff seeks.  For example, Plaintiff requests that the Court require Defendant "to come to the settlement table, in form of track (2) two settlement in U.S. District Court for out-of-court settlement [if] if possible they would show good faith."  (*Id.* at 5.)  Plaintiff then requests "a fair trial by jury against [Defendant] for not giveing [sic] and offers of compensation for permanently [sic] injury."  (*Id.*)  Plaintiff goes on to request "$1000000.00 hundred thousand dollars [sic] or whatever the court dems [sic] fair for pain and suffering back leg, spine neck, sciatica pain for life, loss of life, public humiliation [sic] public shame."  (*Id.* at 6.)  Therefore, Plaintiff's request for relief is unclear.  If anything, Plaintiff appears to be seeking personal injury damages.

Plaintiff was previously cautioned that if he "does not file a proper complaint as directed in [the  August 12] Order, the undersigned will likely recommend that the District Judge dismiss this case for failure to state a claim on which relief may be granted, lack of jurisdiction, and/or want of prosecution."  (Doc. 4 at 5.)  Moreover, in light of Plaintiff's long history with the Court, he should now be familiar with the

4

requirements for pleading a proper complaint.[2]  Because the Amended Complaint fails to properly allege jurisdiction, state a claim upon which relief may be granted, or otherwise comply with Federal Rule of Civil Procedure 8, the undersigned recommends that the Motion be denied and the case be dismissed without prejudice.

Additionally, the Court previously cautioned Plaintiff that "[f]ailure to [file a Long Form Application] may result in a recommendation to the District Judge that the Motion be denied." (*Id.* at 2.)  Because Plaintiff failed to file a Long Form Application as required, the undersigned also recommends failure to prosecute pursuant to Local Rule 3.10(a) as a basis for dismissal.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 2**) be **DENIED**.

2.      The case be **DISMISSED without prejudice**.

3.      The Clerk of the Court be directed to terminate any motions and close the file.

---

[2]  In a Report and Recommendation dated December 30, 2013, Magistrate Judge Patricia D. Barksdale collected citations to the numerous cases Plaintiff has filed in this Court. *See Holloman v. Jacksonville Transp. Auth.*, Case No. 3:13-cv-1139-J-39PDB, Doc. 10 at 5 n.2 (M.D. Fla. Dec. 30, 2013).  This footnote spans two-thirds of a single-spaced typed page and includes six cases against Jacksonville Transportation Authority.

**DONE AND ENTERED** at Jacksonville, Florida, on September 29, 2014.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Pro Se Plaintiff

6